UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS SINOPOLI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CA NO. 4:19-CV-01382 |
| | § | |
| | § | |
| | § | |
| WINDSOR PROPERTY MANAGEMENT | § | |
| CO., HADLEY MIDTOWN APARTMENTS | § | |
| LLC, AND SCHINDLER ELEVATOR | § | |
| CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## MOTION FOR RECONSIDERATION

COMES NOW, Plaintiff Nicholas Sinopoli, who files this Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion to Remand pursuant to Federal Rules of Civil Procedure 60 and 59. Plaintiff would respectfully show this Court the following:[1]

## BACKGROUND

On or about July 21, 2017, Plaintiff Nicholas Sinopoli was at the Midtown Houston by Windsor apartment complex, located in Houston, Texas. Defendants Windsor Property Management Company ("Windsor") and Hadley Midtown Apartments LLC ("Hadley") own and operate the complex. Defendant Schindler Elevator Corporation ("Schindler") is the company that inadequately serviced the elevator at Midtown Houston by Windsor apartment complex. Defendants Windsor Property Management Company and Hadley Midtown Apartments LLC entered into a ten-year maintenance contract with Defendant Schindler Elevator Corporation

---

[1] Plaintiff incorporates his arguments from his Motion to Remand and corresponding Exhibits on file with this Court and Defendant's Response and corresponding Exhibits on file with this Court.

1

whereby Defendant Schindler would agree to provide preventive maintenance service to the elevators, including routine safety testing, examining, lubricating, and adjusting and repairing covered components, to name a few. Defendant Schindler completed a total of fourteen (14) work orders for Defendants Windsor and Hadley between July 3, 2018 and July 28, 2018.

As Plaintiff was riding the common-area elevator from the fifth floor to the ground floor of the apartment complex, the elevator became stuck. Plaintiff called for help, but the apartment complex was already closed for the day. After calling 911, the fire department arrived on the scene. Before Plaintiff could be freed from the elevator, the elevator fell from the fifth floor to the ground floor while Plaintiff was still inside.

Defendants failed to ensure the elevator was functioning properly and safe for the tenants. As a result of the incident, Plaintiff suffered severe bodily injuries, including injuries to his neck and back.

## **PROCEDURAL POSTURE**

Plaintiff filed his Original Petition on November 15, 2017 in Harris County District Court on November 15, 2017 against Defendants Windsor Property Management Co. and Hadley Midtown Apartments LLC.

Plaintiff filed his First Amended Petition on March 21, 2019, adding Schindler Elevator Corporation as a Defendant.

Defendant Schindler filed its Notice of Removal on April 16, 2019.

Plaintiff filed his Motion to Remand on May 15, 2019.

Defendant Schindler filed its Response to Plaintiff's Motion to Remand ("Response") on May 23, 2019.

This Court entered an Order denying Plaintiff's Motion to Remand on May 24, 2019.

Plaintiff now timely files his Motion for Reconsideration of this Court's Order.

## ARGUMENTS & AUTHORITIES

**A.     Removal is untimely.**

Defendant Schindler's removal of this suit to federal court is untimely because Defendant removed the suit on the basis of diversity jurisdiction **more than one year** after commencement of the action and therefore Defendant has waived its right to remove.

28 U.S.C.S. 1446(c)(1) states:

*a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action*, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Federal Rule of Civil Procedure 3 and Texas Rule of Civil Procedure 22 state that *an action commences when the initial complaint is filed*. *See also Rogers v. All Am. Life Ins. Co.,* 1998 U.S. Dist. LEXIS 10896 *8.

Plaintiff filed his initial complaint on **November 15, 2017** in Harris County District Court and therefore his action commenced on November 15, 2017 pursuant to the rules. Defendant Schindler filed its notice of removal based on diversity of citizenship with the state court on **April 16, 2019**, more than one year after Plaintiff's initial complaint on November 15, 2017. Plaintiff timely filed his Motion for Remand within 30 days of Defendant's notice of removal. Defendant Schindler's removal was untimely and this Court should remand this case to state court.

The Court in *Rogers* granted Plaintiffs' Motion to Remand, holding that Defendants All American and USLife's removal to federal court was untimely because the Defendants had removed the case more than one year after Plaintiffs' initial complaint was filed. *Id.* at 9. The facts

in *Rogers* are analogous to this case in that Plaintiffs filed an amended complaint with new Defendants after the initial complaint and the new Defendants (All American and USLife) were the ones who removed the case. Here Plaintiff Sinopoli filed his First Amended Petition in state court on March 21, 2019, adding Schindler as a new Defendant. Defendant Schindler then subsequently filed the notice of removal. As in *Rogers,* Plaintiff Sinopoli's First Amended Petition did not change the causes of action; the allegations of negligence, premises liability and gross negligence remained the same.

However, the addition of the new Defendant does not change the plain language of the rules, the intent of the legislature or Courts' holdings that the **initial complaint date** is the date that sets the clock ticking for removal. As the Court in *Rogers* held, in reading the plain language of § 1446(b), the commentary to § 1446(b), and the applicable case law, the removal of a case from state to federal court based on diversity jurisdiction may not be accomplished more than one year beyond the filing of the ***initial complaint***. *Id.* The Courts have been quite clear on this rule.

> Initially, the Court notes that, despite Bayer's argument to the contrary, the one-year time limit for removal based on diversity jurisdiction started when Plaintiffs commenced this action by filing their original petition in the state court not when they filed their amended petition. See 28 U.S.C. § 1446(c)(1) (the one-year window for removal based on diversity jurisdiction runs from the "commencement of the action").

*Jackson v. Bayer Healthcare Pharm., Inc.,* No. 4:17-cv-01413-JAR, 2017 U.S. Dist. LEXIS 96342 at *13-14 (E.D. Mo. June 22, 2017).

The Court in *Jackson* again recently (2017 case) solidified the fact that the one-year time limit applies to when the original petition is filed. *Jackson* was another case where the Court granted Plaintiff's Motion to Remand due to the Defendant's removal being untimely – untimely being defined as Defendant's removing the suit more than one year after the initial complaint was filed. This ruling is current law.

4

Defendant tries to skirt around this argument and state that it removed timely by arguing that the parties were diverse from the start and therefore the one-year time limitation as laid out in 1446(c)(1) is inapplicable.

Contrary to this argument by Defendant in its Response to Plaintiff's Motion to Remand, Plaintiff's case was not removable from the start as discussed further in this Motion. Complete diversity has never existed. Therefore, the one-year limitation *does* apply. It should also be noted that if the case was removable from the start, Defendants Hadley and Windsor would have filed a notice of removal at the outset but they did not do so until Defendant Schindler decided to remove almost two years later from when suit was originally filed. Defendants Windsor and Hadley clearly did not believe the case should be removed to federal court for all this time that they have been in the suit. And then suddenly, when Defendant Schindler makes an appearance and decides to remove over a year later, then Defendant Windsor and Hadley are for such removal—and joined in improperly at that, seeing as Defendants Windsor and Hadley did not sign the notice of removal, and procedure was not followed. In any event, Defendants' additional attempt at removal, and to cure a procedural error, would be untimely now since the 30-day deadline has come and gone. *See* §1446(b).

A number of district courts in this circuit have recognized the one-year limitation to removal based on diversity jurisdiction. *See Luevano v. Dow Corning Corp.*, 895 F. Supp. 135, 136 (W.D. Tex. 1994); *Auto Transportes Gacela, S.A. v. Border Freight Distrib. and Warehouse, Inc.*, 792 F. Supp. 1471, 1472 (S.D. Tex. 1994). In addition, the legislative history of the 1988 Amendment reveals that Congress amended the diversity statute, including the amendment to § 1446(b) adding the one year limit to removal based on diversity jurisdiction, in order to decrease the number of cases heard in federal court. H.R.Rep.No. 889, 100th Congress, 2d Sess. 72,

5

reprinted in 1988 *U.S. Code Cong. And Admin. News*, 5982, 6032. *See also Cofer v. Horsehead Rech. & Dev. Co.*, 805 F. Supp. 541, 543 (E.D. Tenn. 1991) (quoting the House report discussing the 1988 Amendment to the diversity statute). Therefore, Defendant Schindler cannot use the March 21, 2019 date as the 30-day removal deadline or the 1-year removal deadline. The removal deadline started ticking on November 15, 2017 when the initial complaint was filed. Defendant Schindler is too late.

Thus, respectfully, this Court should reconsider its Order denying Plaintiff's Motion to Remand and remand this case to Harris County District Court where it was originally filed.

**B.      The parties are not completely diverse.**

As argued before, the parties are not completely diverse. Removal is impermissible.

Removal of this suit is improper because there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); *see Henderson v. Wash. Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *Id.* Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship. *Id.* The rule specifically states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

28 U.S.C.S. § 1441(b)(2).

> . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state **where it has its principal place of business . . .**

28 U.S.C.S. §1441(c)(1) (emphasis added).

6

In order to remove a case to federal court, there has to be complete diversity between Plaintiff and all Defendants. Complete diversity is nonexistent in this case and a Defendant has improperly removed the case to federal court.

Plaintiff Nicholas Sinopoli is domiciled in the state of Texas and is a citizen of the state of Texas.

Defendant Windsor is a citizen of the state of Texas as it is a corporation that maintains a principal place of business in Dallas, Texas at 350 N Saint Paul Street, Dallas, TX 75201, according to the Texas Secretary of State website. Defendant does not contest the 350 N. Saint Paul Street address in its Motion and never addresses this fact. Furthermore, according to Defendant's website, Windsor Management maintains regional offices all throughout Texas such as the Southeast Regional Office in Houston, Texas.

Defendant Hadley is a citizen of the state of Texas as it is a corporation that maintains a principal place of business in Dallas, Texas according to Defendant's own Exhibit filed into the record. **Importantly, Defendant Schindler attaches an Exhibit to *its own* Motion showing that Hadley's principal place of business is in Dallas, Texas.  The principal place of business for Hadley reads as 3819 Maple Avenue, Dallas, Texas 75219.** It is clear a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated **and** of the State or foreign state where it has its principal place of business.  Thus, the fact that Hadley's principal place of business is in Texas makes Hadley a citizen of this state.  Furthermore, Defendant conveniently does not mention the fact Hadley's principal place of business is in Dallas in its Response nor does it contest the fact that Hadley's principal place of business is located in Texas in its Response, leading reasonable minds to suspect that Defendant is attempting to obscure the important detail.

In addition, to use Defendant's own argument in its Response, the U.S. Supreme Court uses the nerve center test to determine the principal office of a corporation. *See Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010). The nerve center is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id.* at 92-93. The high-level officers of Hadley Midtown LLC are located at the principal office in Dallas, Texas. The president, treasurer and secretary are considered high-level officers. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014). According to Exhibit D, the president Kenneth J. Valach, and Treasurer and Secretary Timothy J. Hogan are located in Dallas, Texas at 3819 Maple Avenue, Dallas, Texas 75219. For Defendant to dispute this statement would be to contradict Defendant's own arguments as to Defendant Windsor's citizenship. Defendant states that the officers and directors of the corporation office for Defendant Windsor are located at the principal office in Boston and references Exhibit B. Exhibit B, on file with this Court, lists the President, Treasurer and Secretary as "the officers and directors of the corporation." *See Defendant Schindler Elevator Corporation's Response to Plaintiff's Motion to Remand,* p. 1, ¶ 3 and *Exhibit B, on file with this Court*. Therefore, by Defendant's own logic and case law, the president, treasurer and secretary suffice as "high level officers" who direct, control and coordinate the corporation's activities.

Therefore, because the nerve center for Defendant Hadley is located at the principal place of business in Dallas, Texas where its high-level officers conduct operations and where the principal office is located, Defendant Hadley is a citizen of the state of Texas.

Therefore, all Plaintiffs and all Defendants are not completely diverse because Defendant Winsor is a citizen of the state of Texas, Defendant Hadley is a citizen of the state of Texas and Plaintiff Sinopoli is a citizen of the state of Texas, destroying Defendant's argument for diversity

8

of citizenship. On the grounds of lack of diversity alone, the Court should reconsider its denial of Plaintiff's Motion to Remand and remand this matter to state court.

**C.      Defendant did not obtain written consent of all properly served defendants.**

Defendant Schindler's Notice of Removal is defective, and thus, improper. 28 U.S.C § 1446(a) requires all defendants join in the notice of removal. *See Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n.3 (5th Cir. 1983). Defendant did not obtain written consent of all properly served defendants when it filed its notice of removal. *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003); *see Balazik v. Cnty. of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); *Roe v. O'Donahue,* 38 F.3d 298, 301 (7th Cir. 1994), *overruled on other grounds, Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). The majority of circuit courts require written, timely consent for removal from *each* defendant under 28 USCS § 1446. Defendant failed to meet this requirement.

It has been recognized that 28 U.S.C.S. 1446 requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another attorney. *Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co.*, 963 F. Supp. 553, 558 (N.D.W. Va. 1997). It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the court on its behalf. Rather, the non-signing defendant must voice such consent directly to the court by filing a separate pleading which expresses consent to join in. *Id.*

On the basis of general fairness, Judge Maxwell in *Martin Oil Co. v. Phila. Life Ins. Co.*, 827 F. Supp. 1236 (N.D.W. Va. 1993) held that:

> There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal.

9

*Id* at 1238.

**None of the three things above have occurred. The notice of removal was *not signed* by Defendants Windsor Property Management Company and Hadley Midtown Apartments LLC, and therefore is defective under 1446(a).** *Luevano v. Dow Corning Corp.*, 895 F. Supp. 135, 136 (W.D. Tex. 1994). Defendants Windsor and Hadley did not file independent consent of removal with this Court, nor did they file any written joinder to the original notice of removal. In *Luevano,* the Court granted Plaintiff's motion to remand and found Defendant's notice of removal to be defective under 1446(a) *because the other Defendants had not signed the notice.* All the notice of removal by Defendant Schindler says is that:

> The undersigned has contacted the other defendants in the above-captioned matter and they consent to the removal of this matter to this Court.

There is no proof of this consent attached to the notice via affidavit or other type of verification nor has Defendant Schindler provided written consent from the other Defendants as required by the rules. Procedurally, the requirement is clear. The removal is defective.

Furthermore, in Defendant Schindler's Response to Plaintiff's Motion to Remand, Defendant attaches an email (Exhibit G to Defendant's Response) and a letter (Exhibit H to Defendant's Response) as proof that Defendant Schindler had obtained consent prior to the filing of the notice of the removal. These exhibits are inadequate as proof. First of all, these documents are self-serving. Secondly, there is no sworn affidavit by Defendants Windsor and Hadley's counsel, Kevin Oliver, stating that he consented to the removal. The letter that Defendant Schindler attached to its response is dated **May 16, 2019**, which is *after* the filing of the notice of removal and conveniently immediately after the pre-trial conference held in Judge Hughes's Chambers on May 16, 2019 at 2:30 pm. The timing is interesting. Additionally, the email that Defendant Schindler attached to its Response does not contain Mr. Oliver's signature, nor a reply back from

10

Mr. Oliver to Defendant Schindler's counsel's email. There is no way to know for sure if Mr. Oliver actually consented to removal. Nevertheless, the procedure by which Defendant Schindler went about getting consent and demonstrating that consent to the court is defective.

Due to the fact that Defendant Schindler failed to obtain and file written consent of all properly served Defendants, and Defendants Windsor and Hadley did not sign the notice of removal as pursuant to the federal rules or voice their consent to the court through individual pleadings, the notice of removal is improper and therefore this Court should grant Plaintiff's Motion for Reconsideration and remand the case back to state court.

## CONCLUSION

For these reasons, Plaintiff respectfully asks the Court to grant this Motion for Reconsideration and remand this suit to the 61st District Court, Harris County, Texas where it was originally filed and for such other relief to which the Plaintiff is entitled.

Respectfully Submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
tbuzbee@txattorneys.com
Federal Bar No. 22679
Andrew Dao
adao@txattorneys.com
Federal Bar No. 2368172
Cornelia Brandfield-Harvey
cbrandfieldharvey@txattorneys.com
Federal Bar No. 3323190
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record in accordance with the Federal Rules of Civil Procedure on ***June 3, 2019.***

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey
